IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | |
|---|---|
| LEWIS JOHN MARTIN, PRO SE, § | |
| TDCJ-CID No. 1162119 § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:04-CV-0134 |
| § | |
| MIKE SHUMATE, Sheriff of Potter County, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff LEWIS JOHN MARTIN, acting *pro se* and while incarcerated as a prisoner in the Texas Department of Corrections, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been allowed to proceed *in forma pauperis*.

Plaintiff's statement of claims is as follows:

1. Potter County Jail is overcrowded. (Aug. 23, 2002 thru May 6, 2003)
2. There is not enough officers to watch over the inmates of the Potter County Jail (Aug. 23, 2002 thru May 6, 2003)

3. Denied access to the law library while in Potter County Jail. (Aug. 23, 2002 thru May 6, 2003)

4. When food is being passed out there is no hair nets being worn by the officers and inmates (halltrusty's). (Aug. 23, 2002 thru May 6, 2003)

5. Took 6 months to go to Court from my arrest date of Aug. 23, 2002 till Feb. 25, 2003 when I went to Court.

6. All my request were never responded to in writing or verbally. (Aug. 23, 2002 thru May 6, 2003) [sic et passim].

Plaintiff's request for relief is follows:

My rights and the rights of all other Potter County Inmates.  That the Potter County Jail be made a safe environment.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will also support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff's claims are utterly conclusory and his allegations are too vague to actually state a claim on which relief can be granted.  Under some circumstances, the Court might

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

afford plaintiff the opportunity to amend his complaint and cure these defects; however, as the following analysis shows, no amendment is necessary in this case.

At the time plaintiff filed this suit, he had already been transferred to the Rogelio Sanchez State Jail in El Paso, Texas, and has since been transferred to the Estelle Unit in Huntsville. Plaintiff is no longer incarcerated in the Potter County Detention Center, where the complained-of events occurred. The requested relief is of no practical consequence to plaintiff. Consequently, plaintiff's requests for injunctive relief are MOOT. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).

For the reasons set forth above, plaintiff's claims are MOOT and fail to state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITH PREJUDICE AS MOOT AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General

Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

        IT IS SO ORDERED.

        ENTERED this __18th__ day of November, 2005.

        /s/ Mary Lou Robinson
        MARY LOU ROBINSON
        UNITED STATES DISTRICT JUDGE